O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>JUAN PABLO BASULTO, JOE FIERRO, SOLEDAD FIERRO,<br><br>      Defendants. | Case No. CV 11-04959 DDP (SHx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Motion filed on 7/19/11] |

    Defendants removed this unlawful detainer action to this court on June 10, 2011. On July 19, 2011, Plaintiff filed a motion to remand to state court. Because Defendants have not filed a substantive opposition, the court GRANTS the motion.

    Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Opposition papers must inclide "a statement of all the reasons . . . and the points and authorities upon which the opposing party will rely. Id. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the

1  failure to file it within the deadline, may be deemed consent to
2  the granting or denial of the motion." C.D. CAL. L.R. 7-12.
3     The hearing on Plaintiff's motion was set for August 15, 2011.
4  Defendants' opposition was therefore due by August 1, 2011.  On
5  August 5, 2011, Defendant Soledad Fiero filed a document titled
6  "Opposition to Plaintiff's Motion to Remand." (Dkt. No. 12). That
7  late-filed document, however, merely "assert[s] that Plaintiff's
8  Motion be denied so that [Defendant] may seek the adjudication
9  dispute of Natural rights . . . ." (Opp. at 1).  The court deems
10 Defendants' failure to provide any reasoned basis or authority in
11 opposition to Plaintiff's motion as consent to granting the motion
12 to remand, and GRANTS the motion.[1]

14 IT IS SO ORDERED.

17 Dated: August 25, 2011

                              DEAN D. PREGERSON
                              United States District Judge

---

[1] The court also notes that Defendants' removal was untimely. A Notice of Removal must be filed within thirty days of a defendant's receipt of a pleading or paper indicating that the case is removable. 28 U.S.C. § 1446(b). Here, Defendants did not remove until June 10, 2011, eighty-six days after being served with the unlawful detainer complaint. (Notice of Removal, Dkt. No. 1; Mot. at 3).
   Furthermore, Plaintiff's unlawful detainer complaint raises no federal question. See 28 U.S.C. § 1331.

2